**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Peter BOKSENBAUM, Defendant—
Appellant.**

No. 03–50560.

D.C. No. CR 03–00285–ABC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 2, 2004.

Decided Dec. 1, 2004.

Ronald L. Cheng, Scott M. Garringer, Beong–Soo Kim, AUSA, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Carlton Frederick Gunn, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before SCHROEDER, Chief Judge, GOULD and CLIFTON, Circuit Judges.

**MEMORANDUM** *

Peter Boksenbaum appeals the judgment of conviction and sentence that followed his guilty plea to use of unauthorized access devices, fraud and related activity in connection with means of identification, and bank fraud. We affirm as to Boksenbaum's conviction, and affirm in part and vacate and remand in part as to his sentence.

Under the totality of circumstances described by the Delaney affidavit, the magistrate judge had substantial bases for concluding that probable cause existed for Boksenbaum's arrest and for the search of his car. *See United States v. Alvarez,* 358 F.3d 1194, 1204 (9th Cir.2004); *United States v. Lucarz,* 430 F.2d 1051, 1055 (9th Cir.1970). Moreover, even if probable cause were lacking, the Delaney affidavit would be sufficient to meet the minimal requirements of the good faith exception. *See United States v. Leon,* 468 U.S. 897, 923, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). We accordingly affirm the district court's denial of Boksenbaum's motion to suppress.

We also affirm the district court's application of U.S.S.G. § 2B1.1(b)(9)(C)(i).[1] The guideline covers the conduct to which Boksenbaum pled guilty, *see United States v. Melendrez,* 389 F.3d 829, 832 n.5, 833 n.7, 834 (9th Cir.2004), and we lack jurisdiction to review the district court's discretionary refusal to depart downward, *United States v. Tucker,* 133 F.3d 1208, 1219 (9th Cir.1998). Although we thus affirm as to the enhancement challenged here, we vacate the remainder of Boksenbaum's sentence and remand for the district court to reconsider the application of U.S.S.G.

1. Although Boksenbaum directs his arguments to subsection (b)(9)(C)(ii), the district court limited its discussion to subsection (b)(9)(C)(i). We do the same.

§ 2B1.1(b)(1) in light of the Supreme Court's forthcoming decisions in *United States v. Booker,* — U.S. —, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004), and *United States v. Fanfan,* — U.S. —, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004).

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.